### L. COHEN v. STATE OF OHIO.

#### Decided, November 26, 1906.

*Liquor Laws—Not Duplicity to Charge in one Count the Keeping of a Place for Sale of Liquors and Also Selling Them—Evidence Unlawfully Obtained Under Search and Seizure Law May be Used in Prosecuting for Keeping a Place for Sale of Liquors.*

1. In a prosecution for the violation of the liquor laws, an affidavit is not bad for duplicity which charges not only that the accused kept and used a wagon for the selling, furnishing and giving away of intoxicating liquors as a beverage, but also that from it he sold, furnished and gave away such liquors.

2. It is no objection to the introduction of evidence in a prosecution for the violation of the liquor laws, that such evidence was unlawfully obtained under the search and seizure law.

*Klein & Harris,* for plaintiff in error.

*A. V. Taylor,* contra.

MARVIN, J. (orally); WINCH, J., and HENRY, J., concur.

This case is brought to this court on error, seeking to reverse the judgment of the court of common pleas, an affirmance of the judgment of the police judge of the village of Chagrin Falls.

Cohen was convicted before the police judge upon a charge contained in an affidavit, that charge being:

"That on or about the 4th day of May, 1906, in the village of Chagrin Falls, in the county of Cuyahoga, and state of Ohio, one L. Cohen, then and there being, did then and there keep and use a vehicle, to-wit, a wagon, for the selling, furnishing and giving away intoxicating liquors as a beverage, and in which and from which said place and vehicle intoxicating liquors were then and there kept for sale, and sold, furnished and given away as beverages; that the keeping by the said L. Cohen of said vehicle aforesaid was then and there prohibited and unlawful contrary to the form of the statute in such case made and provided."

That conviction was upon the evidence, a part of which is contained in a bill of exceptions filed with us. It was objected to

the affidavit that it was bad for duplicity, because it charges that he kept a place, vehicle, for the sale of intoxicating liquors, and that intoxicating liquors were then and there kept for sale, sold furnished and given away, as a beverage. It is conceded that in the village of Chagrin Falls, the sale of liquor from a vehicle or other place was prohibited. But it is said here that he both kept a place and sold the liquor. We don't think it makes the complaint bad because the fact is stated that he sold liquor in the place or from the place that he kept for that purpose.

There is a demurrer filed, which was overruled. Perhaps it should be said that the evidence obtained was unlawfully obtained under the search and seizure law. I suppose that was true. If one does an unlawful thing and thereby evidence is obtained that another has committed a crime, I think it is an unheard of thing that the evidence can not be used. If one breaks into my house and obtains evidence by such breaking in, which is unlawful, that I have committed a crime, that evidence against me can be used. There is nothing in that that should justify a reversal here. We do not consider whether the evidence was lawfully or unlawfully obtained.

It is said that the bill of exceptions is incomplete; that certain glass bottles were introduced in evidence which it is said were labeled in a certain way, but evidently the labeling as set out in the bill is not sufficient. There should appear something to show what case they are in and in what court the case is being tried. It is said that it was agreed that the bottles might be treated as evidence, being kept for somebody's convenience in the village of Chagrin Falls. There was a dispute about how they were attached.

We can not consider the facts of this case because the bill is not complete, and not having the facts, the judgment is affirmed. There is no error in the case unless it is about the facts.